Filed 2/26/16  Scalzo v. Newmeyer & Dillion CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FREDERICK T. SCALZO, Individually and as Trustee, etc., et al.,<br><br>    Plaintiffs and Appellants,<br><br>        v.<br><br>NEWMEYER & DILLION, LLP,<br><br>    Defendant and Respondent. | G050835<br><br>(Super. Ct. No. 30-2013-00693661)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, John C. Gastelum, Judge.  Request for judicial notice.  Order affirmed.  Request for judicial notice denied.

Gemmill, Baldridge & Yguico and Carlos V. Yguico for Plaintiffs and Appellants.

Baker & Baker and William E. Baker, Jr., for Defendant and Respondent.

\*        \*        \*

This action arises out of a fee dispute between plaintiffs Frederick T. Scalzo, individually and as Trustee for the Martin E. and Marion E. Scalzo Family Trust 1987, and Donna M. Ostermiller, and defendant Newmeyer & Dillion, LLP, which formerly represented plaintiffs in numerous actions. Upon being sued by plaintiffs, defendant retained Baker & Baker, APC (Baker) to represent it. Baker had represented parties adverse to plaintiffs or was named as a defendant in several cases brought by defendant on plaintiffs' behalf.

Plaintiffs moved to disqualify Baker on the basis it was a former adversary and attorney for their former adversaries, which resulted in a substantial relationship between this case and the ones in which defendant had formerly represented them. Plaintiffs also claimed Baker should be disqualified "[t]o preserve the 'permanent confidentiality' of attorney-client communications" between them and defendant. The trial court denied the motion on the ground neither theory applied and "absent clear authority allowing for disqualification under these circumstances, [it] cannot infringe on defendant's freedom of choice in counsel."

On appeal, plaintiffs contend "the confidentiality associated with attorney-client communications" should take precedence over defendant's right to select Baker as its legal representative because Baker was plaintiffs' former adversary and attorney for their former adversaries. We disagree.

Defendant seeks to impose sanctions against plaintiffs for prosecuting a frivolous appeal. But "[t]he sanctions request was presented in [defendant's] brief, not by motion with supporting declaration, and thus did not comply with California Rules of Court, rule 8.276(b)(1). We do not consider it further." (*FEI Enterprises, Inc. v. Yoon* (2011) 194 Cal.App.4th 790, 807.) We also deny defendant's request for judicial notice because the subject documents are unnecessary to our decision. The order is affirmed.

## STATEMENT OF FACTS

Defendant is a law firm that previously represented plaintiffs in a number of matters. In three of those cases, Baker represented the defendants or was named as a defendant. All but one case, which did not involve Baker, had concluded by 2012. Baker has never acted as the attorney for plaintiffs or advocated in any capacity on their behalf.

In 2012, plaintiffs and defendant reached an impasse over the amount of outstanding attorney fees owed to defendant. They participated in the nonbinding Orange County Bar Association (OCBA) Fee/Arbitration Program under California's Mandatory Fee Arbitration Act.

Under the terms of the retainer agreement between plaintiffs and defendant, defendant also submitted a demand for binding arbitration with the Judicial Arbitration and Mediation Service (JAMS), seeking over $441,000. Plaintiffs requested JAMS stay the arbitration pending completion of the OCBA arbitration.

The OCBA arbitration resulted in an award of nearly $440,000 in attorney fees to be paid by plaintiffs to defendant. Plaintiffs filed with JAMS requests for trials de novo of this award.

In December 2013, plaintiffs filed this lawsuit for declaratory relief against defendant to enjoin arbitration through JAMS. The complaint did not challenge or seek a trial de novo of the arbitration award in defendant's favor. Among other things, plaintiffs alleged defendant improperly represented them and engaged in "excessive, unreasonable, fraudulent, and illegal" billing practices.

Defendant retained Baker to defend against the allegations. In response, plaintiffs moved to disqualify Baker as counsel for defendant. The court denied the motion.

DISCUSSION

*1. Disqualification Motion*

"A trial court's ruling on a motion to disqualify counsel is generally reviewed for abuse of discretion. [Citation.] Where the trial court resolves a matter by considering disputed factual issues, the appellate court does not substitute its judgment for that of the trial court, and its express and implied findings will be upheld if supported by substantial evidence. . . . But . . . 'where there are no material disputed factual issues, the appellate court reviews the trial court's determination as a question of law.'" (*M'Guinness v. Johnson* (2015) 243 Cal.App.4th 602, 615 (*M'Guinness*).) Because the facts are undisputed, we agree with plaintiffs that a de novo standard of review applies.

We begin "with the proposition that '[t]he right of a party to be represented in litigation by the attorney of his or her choice is a significant right [citation] and ought not to be abrogated in the absence of some indication the integrity of the judicial process will otherwise be injured.'" (*Smith, Smith & Kring v. Superior Court* (1997) 60 Cal.App.4th 573, 580 (*Smith*).) "[I]n exercising [its] discretion [on a motion to disqualify counsel], the court must weigh the competing interests of the parties against potential adverse effects on the integrity of the proceeding before it and 'should resolve the close case in favor of the client's right to representation by an attorney of his or her choice.'" (*Ibid*.) Other factors to be considered include (1) "the combined effects of the strong interest parties have in representation by counsel of their choice, and in avoiding the duplicate expense and time-consuming effort involved in replacing counsel already familiar with the case" and (2) whether counsel may be "using the motion to disqualify for purely tactical reasons." (*Id*. at pp. 580, 581)

Here, plaintiffs acknowledge "it is undoubtedly more economical for [defendant] to be represented by [Baker]." But they seek to disqualify Baker because formerly represented plaintiffs' prior adversaries—a purely tactical reason. Both of the

4

foregoing factors weigh in defendant's favor, as does defendant's right to be represented by counsel of its choice.

Plaintiffs concede defendant has the right to use confidential information to respond to their claims of malpractice or improper billing purposes. (*Carlson, Collins, Gordon & Bold v. Banducci* (1967) 257 Cal.App.2d 212, 227-228 ["It is an established principle involving the relationship of attorney and client that an attorney is released from those obligations of secrecy which the law places upon him whenever the disclosure of the communication, otherwise privileged, becomes necessary to the protection of the attorney's own rights"].) But they contend public policy requires that right and a client's right to counsel of choice "be qualified to exclude a former client's adversary, particularly where involvement of the former adversary will result in divulging to the adversary all privileged communications relating to the adversary (or concerning the clients the adversary represented)." Plaintiffs claim defendant should not be allowed to use Baker as its counsel in this case because it concerns "the very same matters which formed the basis of [plaintiffs'] retention of" defendant, which led to defendant's "high legal billings." According to plaintiffs, permitting such "'successive representation' . . . [would] eviscerate[] a client's right to permanent confidentiality in conjunction with communications with his or her attorney."

As to plaintiffs' claim of permanent confidentiality, we note plaintiffs seek to deny defendant what they have already admitted defendant has the right to do—use confidential information to respond to their claims. To this end, plaintiffs' assertion of improper billing against defendant "necessarily waives all claims of confidentiality . . . . [Citations.] Whether [defendant] is represented by [Baker] or by any other firm, [defendant] will need to disclose any relevant communications between the members of their firm and [plaintiffs], their former client, in order to defend the . . . action." (*Smith, supra*, 60 Cal.App.4th at p. 580.)

5

Moreover, there was no successive representation in this case. "In successive representation cases, where the former client seeks to disqualify counsel from representing a successive client in current litigation adverse to the former client's interest, the former client must 'demonstrate a "*substantial relationship*" between the subjects of the antecedent and current representation.' [Citation.] A substantial relationship exists where 'the attorney had a direct professional relationship with the former client in which the attorney personally provided legal advice and services on a legal issue that is closely related to the legal issue in the present representation. [Citation.]' [Citation.] But '[w]hen the attorney's contact with the prior client was not direct, then the court examines both the attorney's relationship to the prior client and the relationship between the prior and the present representation. If the subjects of the prior representation are such as to "make it likely the attorney acquired confidential information" that is relevant and material to the present representation, then the two representations are substantially related.'" (*M'Guinness, supra*, 243 Cal.App.4th at p. 614.) Here, plaintiffs were not former clients of Baker and the record contains no evidence Baker obtained confidential information during the underlying litigation that would be pertinent much less material to the current dispute.

Although plaintiffs assert that "[t]he claims against Baker as a defendant included allegations that Baker misappropriated privileged information relating to" plaintiffs, we disregard such statements where, as here, they are made without evidentiary support. (*Smith, supra*, 60 Cal.App.4th at p. 578.) In any event, plaintiffs do not seek to disqualify Baker on this ground. Rather, their motion relies solely on the theory of successive representation, which, as we have determined, does not apply.

Nor is this a case of concurrent representation, in which Baker is simultaneously representing both defendant and plaintiffs' adversaries. (*M'Guinness, supra*, 243 Cal.App.4th at p. 614.) Rather, all of the cases involving Baker as a defendant

6

or as counsel for plaintiffs' adversaries had been concluded by about 2012. The complaint for declaratory relief in this action was filed in December 2013.

*Allen v. Academic Games League of America, Inc*. (C.D. Cal. 1993) 831 F.Supp. 785 is inapposite. There, the attorney was disqualified from representing a client adverse to a company for which he had formerly served as an advisor. At one board meeting he attended, the attorney was informed of potential trademark and copyright infringements by the defendants, yet remained affiliated with the plaintiff for more than a year and took no steps to isolate himself from the litigation. The court concluded the attorney's role with the plaintiff was tantamount to that of a corporate director, and "placed him in a position of trust and confidence to the extent that he would act in the best interests of [plaintiff]." (*Id*. at p. 788.) Here, Baker was never placed a position in which it was obligated to act in plaintiffs' best interests.

For all of these reasons, we conclude that the court did not abuse its discretion in denying plaintiffs' motion to disqualify Baker.

## DISPOSITION

The order is affirmed, and the requests for sanctions and for judicial notice are denied. Respondent shall recover its costs on appeal.


RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

7